UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KENNETH THOMAS, | ) | |
|---|---|---|
| Petitioner | ) | |
| v. | ) | CAUSE NO. 3:07-CV-153 RM |
| WILLIAM WILSON, | ) | |
| Respondent | ) | |

## OPINION AND ORDER

Kenneth Thomas, a *pro se* prisoner, filed this habeas corpus petition challenging the determination of the Disciplinary Hearing Body (DHB) on November 10, 2006 that he was guilty of battery with a weapon or inflicting serious injury. He was sanctioned with the loss of 180 days of earned credit time. The respondent has filed a return, but Mr. Thomas hasn't filed a traverse. The time for doing so has long since passed, so the court will now rule on the petition. Mr. Thomas numbers only three grounds in his petition, but he raises more than one claim per ground.

First, he alleges that he was denied a continuance, that he was denied the opportunity to present evidence, and that the DHB didn't adhere to its own policies.

> We have stated many times that "federal habeas corpus relief does not lie for errors of state law." Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (citations omitted). Therefore, even if the DHB did not follow its own policies, that is not a basis for habeas corpus relief.

Though Wolff v. McDonnell, 418 U.S. 539 (1974), requires that an inmate be given 24 hour advance written notice of the factual basis of the charges against him, it doesn't require that he be granted a continuance. "Baxter v. Palmigiano, 425 U.S. 308 (1976), warns the courts of appeals not to add to the procedures required by Wolff, which, Baxter held, represents a balance of interests that should not be further adjusted in favor of prisoners. Indiana has played by the rules articulated in Wolff." White v. Ind. Parole Bd., 266 F.3d 759, 768 (7th Cir. 2001). Mr. Thomas was notified of the charges against him on October 30, 2006, and his hearing was held eleven days later on November 10, 2006. Denying his request for a continuance didn't deny him due process and isn't a basis for habeas corpus relief.

Wolff v. McDonnell, 418 U.S. 539 (1974), also requires that an inmate have an opportunity to present evidence in his defense. At his screening, Mr. Thomas requested four witness statements, and four statements were obtained (docket ## 12-7, 12-8, 12-9, and 12-10). Nevertheless, Mr. Thomas objects because the victim's statement says only, "no statement" (docket # 12-7). Though Wolff entitles Mr. Thomas to the right to present relevant exculpatory evidence, it doesn't obligate a called witness to testify. Because Mr. Thomas was afforded the opportunity to obtain a statement from the victim, he wasn't denied due process.

In his second ground for habeas corpus relief, Mr. Thomas argues the evidence was not sufficient to find him guilty. He also argues that though the DHB found the video to be inconclusive, the DHB nevertheless listed it as one of several items that they relied upon to reach their decision. He argues that this demonstrates that the DHB was biased and he argues that the video evidence is in conflict with other evidence. This is incorrect. An inconclusive video is not in conflict with other evidence that is conclusive. So too, listing the inconclusive video as evidence that was relied upon is neither proof nor even evidence of bias. The DHB properly relied upon the video in finding that it was not exculpatory.

Mr. Thomas invites this court to re-weigh the evidence against him, but "[i]n reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board" Superintendent v. Hill, 472 U.S. 445, 455-456 (1985). Though Mr. Thomas argues that there is contradictory evidence, "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 457 (1985). Based on this record, there is some evidence to support finding him guilty of battery with a weapon or inflicting serious injury. *Compare* Superintendent v. Hill, 472 U.S. 445, 456-457 (1985) (disciplinary action supported

3

when inmate was one of three seen fleeing from scene of assault even when victim denied fellow inmates had assaulted him); Hamilton v. O'Leary, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action); Mason v. Sargent, 898 F.2d 679, 680 (8th Cir. 1990) (disciplinary action supported when contraband was found in locker shared by two inmates).

The third ground presented by Mr. Thomas for habeas corpus relief is that internal affairs violated State procedures because they didn't talk to him or other relevant witnesses. As previously discussed, the violation of State procedures is not a basis for habeas corpus relief. *See* Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (citations omitted). Wolff requires no specific investigatory methodology; it requires that an accused be given the opportunity to present relevant exculpatory evidence. If Mr. Thomas believed that the internal affairs investigation was incomplete, he was afforded the opportunity present the omitted evidence. That is all that due process requires. This ground is not a basis for habeas corpus relief.

For the foregoing reasons, the court DENIES Mr. Thomas's habeas corpus petition.

SO ORDERED.

ENTERED: September  4 , 2008

                                        /s/ Robert L. Miller, Jr.
                                       Chief Judge
                                       United State District Court